UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
 :
PATRICK COLLINS, INC., : <u>Civil Action Nos</u>: 11-CV-1264
                Plaintiff, : 11-CV-1265, 11-CV-1267,
 : 11-CV-1268, 11-CV-1269,
 : 11-CV-1270, 11-CV-1271,
    vs. : 11-CV-1272, 11-CV-1273,
 : 11-CV-1274
JOHN DOES 1-15, :
                Defendants. :
 :
------------------------------------------------------------X

## ORDER GRANTING MOTION FOR LEAVE
## TO SERVE THIRD PARTY SUBPOENAS PRIOR TO RULE 26(f) CONFERENCE

Upon the Plaintiff's motion for leave to serve third party subpoenas prior to a Rule 26(f) Conference (the "Motion"), the Declaration of Tobias Fieser, and the accompanying memorandum of law, it is hereby ordered that:

    1.    Plaintiff established that "good cause" exists for it to serve third party subpoenas on the Internet Service Providers listed on Exhibit A to the Motion (the "ISPs"). See <u>UMG Recording, Inc. v. Doe</u>, 2008 WL 4104214, *4 (N.D. Cal. 2008); and <u>Arista Records LLC v. Does 1-19</u>, 551 F. Supp. 2d 1, 6-7 (D.D.C. 2008);

    2.    Plaintiff may serve each of the ISPs with a Rule 45 subpoena commanding each ISP to provide Plaintiff with the true name, address, telephone number, e-mail address and Media Access Control ("MAC") address of the Defendant to whom the ISP assigned an IP address as set forth on Exhibit A to the Motion. Plaintiff shall attach to any such subpoena a copy of the Complaint, Motion and this Order;

    3.    Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of internet services to one of the Defendants;

4. Each of the ISPs that qualify as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons
>
> (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
>
> (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

by sending a copy of the Complaint, the Motion and this Order to the Defendant;

5. The subpoenaed ISPs shall not require Plaintiff to pay a fee in advance of providing the subpoenaed information; nor shall the subpoenaed ISPs require Plaintiff to pay a fee for an IP address that is not controlled by such ISP, or for duplicate IP addresses that resolve to the same individual, or for an IP address that does not provide the name of a unique individual, or for the ISP's internal costs to notify its customers. If necessary, the Court shall resolve any disputes between the ISPs and Plaintiff regarding the reasonableness of the amount proposed to be charged by the ISP after the subpoenaed information is provided to Plaintiff; and

6. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on an ISP for purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

**ORDERED** this 7 day of April, 2011.

By /S/ Hon. RAMON E. REYES, JR.
UNITED STATES MAGISTRATE JUDGE